**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GRISELL ALVES,

           Plaintiff - Appellant,

   v.

EMERALD CORRECTIONAL
MANAGEMENT, LLC,

           Defendants - Appellee.

No. 12-16903

D.C. No. 2:11-cv-00509-FJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Court Judge, Presiding

Argued and Submitted November 20, 2014
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and OLIVER, Chief District
Judge.[**]

**1.** Plaintiff Grisell Alves ("Alves") did not submit evidence from which a

reasonable jury could infer that Emerald Correctional Management, LLC ("Emerald")

---

[*]     This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**]     The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S. District
Court for the Northern District of Ohio, sitting by designation.

acted with a retaliatory motive against her when she complained of sexual harassment by terminating her employment.

The evidence Alves relies on to prove that Emerald's stated reason for firing her was pretext does not suffice to avoid summary judgment. Emerald produced evidence to support a finding that it fired Alves for a legitimate non-retaliatory reason–sexually harassing two of her coworkers. Once Emerald put forth a legitimate, non-retaliatory explanation for Alves's termination, the burden shifted to Alves to show that this explanation was pretext for discrimination. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 732 (9th Cir. 1986). Alves produced several arguments in support of her claim that the investigation that led to her firing was done in bad faith, and thus pretextual, e.g., she was not informed of the sexual-harassment allegations against her, Emerald unreasonably discredited her version of events, and Emerald instructed an employee to file a complaint against her. However, none of these arguments are supported by the evidence in the record.

Further, Emerald's investigation was otherwise in accordance with the requirements for good faith under the framework articulated in *Swenson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001). Emerald investigated Alves's complaint soon after she filed it. Emerald also imposed disciplinary sanctions on those found to have

violated company policy. Finally, these sanctions were proportionate to the seriousness of the offenses.

Thus, the district court did not err in granting summary judgment for Emerald on the issue of retaliatory termination.

**2.** The district court also did not err in granting summary judgment for Emerald on the issue of hostile work environment. Alves did not submit evidence from which a reasonable jury could conclude that Emerald maintained a hostile work environment. In order to hold Emerald liable for co-worker harassment, Alves was required to demonstrate that Emerald (1) knew of or had reason to know of the harassment she complained of, and (2) failed to take steps reasonably calculated to end the harassment. *See Swinton v. Potomac Corp.*, 270 F.3d 794, 803 (9th Cir. 2001). While there is some evidence in the record to suggest that management knew that some sexual profanity and harassment existed at Emerald, the record evidence is not sufficient to support a finding that management knew that sexual harassment and misconduct was so pervasive in the particular environment in which Alves worked such as to create a hostile work environment. Record evidence indicating that, when responding to Alves's complaint, a member of Emerald management stated that it "[s]ounds like some of the same individuals from previous similar investigations," is insufficient. This statement does not demonstrate that these investigations were

3

conducted in response to behavior or harassment that Alves witnessed or experienced. Thus, it cannot show that Emerald had knowledge of the harassment at issue. Further, deposition testimony of an Emerald employee who stated that sexual profanity was common at Emerald, is too general as to be probative and also does not demonstrate that such profanity was witnessed by Alves. Moreover, it does not sufficiently establish that Emerald supervisors or managers witnessed or had reason to witness such profanity in the context of which Alves complains. Finally, Alves presents evidence that, in May 2010, she filed a complaint alleging sexual harassment against an Emerald employee, several months before she complained of the harassment at issue. However, this May 2010 complaint does not demonstrate that Emerald knew or had reason to know of harassment that was pervasive enough to support a hostile work environment claim. This court holds that these statements and occurrences do not, alone or in combination, establish that Emerald had constructive or actual knowledge of the harassment complained of by Alves.

Accordingly, we affirm the district court's order granting Emerald's motion for summary judgment.

**AFFIRMED.**